ERIC GRANT
United States Attorney
AUDREY HEMESATH
J. DOUGLAS HARMAN
KEVIN C. KHASIGIAN
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SAMPATH RAJIDI, and<br>SREEDHAR MADA,<br>Defendants. | 2:26-CR-00027-TLN<br><br>PRELIMINARY ORDER OF FORFEITURE |

Based upon the plea agreements entered into between the United States of America and defendants Sampath Rajidi and Sreedhar Mada, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. Pursuant to 18 U.S.C. §§ 982(a)(6)(A)(i), 982(a)(6)(A)(ii)(I), and 982(a)(6)(A)(ii)(II) and Federal Rule of Criminal Procedure 32.2(b)(1), defendants Sampath Rajidi and Sreedhar Mada's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

a. Approximately 13.290533641 Ether (ETH) and approximately 0.34069389 Bitcoin (BTC) stored on a Ledger Nano S cryptocurrency hardware wallet seized on December 14, 2023, and

b. A personal money judgment in the amount of $286,621.28.

2. The $286,621.28 money judgment constitutes property that was used to commit or facilitate the offense, and property that constitutes or is derived from proceeds obtained directly or indirectly from the commission of a violation of 18 U.S.C. §§ 371 and 1546. The defendants agreed to forfeit the cryptocurrency listed above in lieu of other property that was used to commit or facilitate the offense, and property that constitutes or is derived from proceeds obtained directly or indirectly from the commission of a violation of 18 U.S.C. §§ 371 and 1546. The value of the cryptocurrency shall be applied toward the money judgment owed by defendants.

3. The defendants agreed that the $286,621.28 money judgment shall be joint and several, meaning each defendant is responsible for the full amount until it is paid in full. Defendants agreed to pay one-third of the money judgment on or before the date of sentencing, an additional one-third of the money judgment no later than 360 days after sentencing, and the final third of the money judgment no later than 720 days after sentencing. Payment should be made in the form of a cashier's check made payable to the U.S. Marshals Service and sent to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814. Prior to the imposition of sentence, any funds delivered to the United States to satisfy the personal money judgment shall be seized and held by the U.S. Marshals Service, in its secure custody and control.

4. Pursuant to Rule 32.2(b)(3), the Attorney General (or a designee) shall be authorized to seize the above-listed property. The aforementioned property shall be seized and held by the U.S. Marshals Service, in its secure custody and control.

5. a. Pursuant to 18 U.S.C. § 982(b)(1), incorporated by 21 U.S.C. § 853(n), and Local Rule 171, the United States shall publish notice of the order of forfeiture. Notice of this Order and notice of the Attorney General's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least 30 consecutive days on the official internet government forfeiture site www.forfeiture.gov. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

b. This notice shall state that any person, other than the defendants, asserting a legal interest in the above-listed property, must file a petition with the Court within sixty (60) days from the

first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within thirty (30) days from receipt of direct written notice, whichever is earlier.

6. If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. §§ 982(a)(6)(A)(i), 982(a)(6)(A)(ii)(I), and 982(a)(6)(A)(ii)(II) and Federal Rule of Criminal Procedure 32.2(b)(1), in which all interests will be addressed.

SO ORDERED this 28th day of July 2026.

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE